United States District Court
Southern District of Texas
ENTERED

AUG 1 2 2004

_____, Clerk of Court
By _____, Clerk

United States District Court
Southern District of Texas
FILED

AUG 1 1 2004

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CARLOS JORGE HINOJOSA,<br>Petitioner,<br><br>v.<br><br>ALBERT BRAVO, In charge of East Hidalgo<br>Federal Detention Center,<br>Respondent. | §<br>§<br>§<br>§ CIV. ACTION NO. B-04-107<br>§ (CRIM. NO. M-03-1010-1)<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

Petitioner Carlos Jorge Hinojosa has filed a pretrial request for a writ of habeas corpus. For the following reasons, the Court recommends that Hinojosa's request be DENIED.

## BACKGROUND

Carlos Jorge Hinojosa was indicted by a federal grand jury on October 16, 2003. The indictment includes forty-five separate counts related to Hinojosa's alleged actions as an organizer, leader, and promoter of an entity that solicited funds from investors through false representations and promises, and which promoted and carried out a series of fraudulent investment schemes.

Although the indictment was handed down in October of last year, Hinojosa was not arrested until March 9, 2004. After being arrested, Hinojosa made several appearances before judges in the McAllen Division of the Southern District of Texas, including an appearance at his arraignment, where he pleaded not guilty to all forty-five counts contained in the above-

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b), the above-referenced cause of action has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge, as evidenced by his signature thereto, make up this Report and Recommendation.

referenced indictment. *See USA v. Hinojosa*, M-03-cr-1010-1, Docket Entry No. 33.[2]

After both federal district judges in McAllen recused themselves from Hinojosa's criminal proceedings, the case was transferred to Judge Hilda G. Tagle of the Brownsville Division of the Southern District of Texas.

Hinojosa's case has been certified as complex litigation for purposes of the Speedy Trial Act ("STA"). *See id.* at Docket Entry No. 55. Accordingly, his trial is not subject to the time constraints of the STA, and his trial is scheduled to commence in early September of this year. *See id.* at Docket Entry No. 67.

While awaiting trial, Hinojosa filed a Petition for Writ of Habeas Corpus. The Court has determined that Hinojosa's Petition does not require a response from the Government and, accordingly, is prepared to recommend a course of action regarding the Petition, which is set out in detail below.

## DISCUSSION

As noted above, this civil habeas corpus action stems from the ongoing criminal proceedings commenced by the United States against Carlos Jorge Hinojosa. While awaiting trial, Hinojosa filed a Petition for Writ of Habeas Corpus, naming as respondent the officer in charge of the federal detention center where he is being held.

A. <u>Writ of Habeas Corpus</u>

Although Hinojosa has not stated any legal basis for his request for a writ of habeas

---

[2] During a preliminary detention hearing it was determined that Hinojosa would be held without bond. *See USA v. Hinojosa*, M-03-cr-1010-1, Docket Entry No. 35. Because of his refusal to cooperate with pretrial services, and because of the district court's determination that he is a flight risk, Hinojosa has, to date, remained in federal custody while awaiting trial. *See id.* at Docket Entry Nos. 35 & 62.

corpus, Congress has granted federal district courts "within their respective jurisdictions," the authority to hear applications for habeas corpus by any person "in custody under or by color of the authority of the United States or ... committed for trial before some court thereof;" or by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a), (c).

The primary function of the writ of habeas corpus is to seek release from unlawful custody or imprisonment. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Although the great majority of federal habeas corpus actions are now statutory in basis, habeas corpus is "a writ antecedent to statute ... throwing its root deep into the genius of our common law." *Williams v. Kaiser*, 323 U.S. 471, 484 n.2, 65 S.Ct. 363, 89 L.Ed. 398 (1945) ( Justice Frankfurter, dissenting) (internal quotations omitted).

Hinojosa is unquestionably in federal custody, is awaiting trial in the federal court system, and is complaining that he is being held unlawfully. Though pretrial habeas actions are somewhat unusual in federal criminal actions, they are not unheard of. *See Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); *but see Johnson v. Hoy*, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497 (1913); *Stack*, 342 U.S. at 6-7, 72 S.Ct at 4 (district court should withhold pretrial habeas relief where an adequate remedy available in the criminal proceedings has not been exhausted). Accordingly, this Court will entertain Hinojosa's habeas corpus application as authorized by 28 U.S.C. § 2241(c).

B. Hinojosa's Claims

According to Hinojosa, he is not subject to the jurisdiction of this nation's courts or its statutory laws because, having relinquished his citizenship, he is a "sovereign man." Thus,

3

Hinojosa posits he is being held illegally and improperly, and argues that he should immediately be released.[3] Hinojosa also makes a series of related, but unintelligible claims regarding copyright laws and statutory filings pursuant to the Uniform Commercial Code.

C. Analysis

Hinojosa's defense is a form or variation of what has been dubbed "redemption theory." *See* Karen Lee Ziner, *Federal Prisoners Try Courts' Patience With Unusual Defense*, Providence Journal, April 29, 2001 at A01 (2001 WL 5386649). Redemption theory –which ultimately is derived from a flawed interpretation of natural law– is an elaborate and complicated scheme related to a movement that espouses the illegitimacy of our government; according to its adherents, individuals can renounce their ties to our government, "revert" to being a sovereign citizen, and resultantly be free from governmental jurisdiction. *See id; see also generally Hinojosa v. Bravo*, Civ. Action No. B-04-107 (all pleadings and correspondence).

Hinojosa has filed several letters and documents with the Court since his habeas action was initiated, the majority of which serve to obfuscate even further his contentions and claims. However, a common theme emerges from these various documents, which encapsulates Hinojosa's position, and which can be summarized as follows:

> In support of his habeas corpus petition, Hinojosa has filed documentation from "the common law court" finding him to be a "sovereign man." As a "sovereign man," Hinojosa claims he is not subject to this –or perhaps, any– court's jurisdiction. Thus, his

---

[3] Admittedly, Hinojosa's position is actually much more complex than the version that has been presented. However, the ultimate gist of Hinojosa's arguments is that he is not subject to the jurisdiction of the federal courts; and, as this court will attempt to show, Hinojosa's position is "deliberately obtuse" whether or not he recognizes that fact.

4

detention –as well as the ongoing criminal proceedings– are allegedly improper and illegal, and he should therefore be released immediately.

*See generally Hinojosa v. Bravo*, Civ. Action No. B-04-107 (all pleadings and correspondence).

To state the matter bluntly, Hinojosa's arguments are entirely and wholly frivolous. *See, e.g., United States v. Greenstreet*, 912 F.Supp. 224, 228 (N.D.Tex. 1996). Only excepting the "documents" Hinojosa has submitted that were allegedly issued by the "common law court" and other apocryphal bodies, absolutely no support for his position exists. In fact, every federal court that has been presented with some form of the defense Hinojosa herein offers has found it to be frivolous and lacking in any discernable logical or legal basis. In short, Hinojosa presents no acceptable authority or cogent analysis to support his contention that this Court lacks jurisdiction over him. *See id.*; *see also Trainor v. United States*, 87 F.3d 1322 (Table), 1996 WL 329606 (9th Cir. 1996) (affirming bankruptcy court's rejection of debtor's argument that he was not subject to federal law because he was a sovereign citizen of the "Nevada Republic" as frivolous); *United States v. McLaren*, 2001 WL 1910571 (W.D.Tex. June 19, 2001) (determining that defendants' argument that they could not be prosecuted because they were sovereign members of the Republic of Texas lacked merit); *see also generally United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991), *cert. denied*, 506 U.S. 835, 113 S.Ct. 108, 121 L.Ed.2d 66 (1992) (argument that federal court lacked jurisdiction because defendant claimed he was a "non-citizen" and a "freeman" deemed frivolous); *United States v. Schmitt*, 784 F.2d 189 (8th Cir. 1991), *cert. denied*, 502 U.S. 985, 112 S.Ct. 592, 116 L.Ed.2d 616 (1991) (describing appellants' argument that district court lacked personal jurisdiction over them because they were "natural freeman" as frivolous).

## RECOMMENDATION

Because the Petitioner's request for a writ of habeas corpus is frivolous, it should be denied. Furthermore, it should be summarily dismissed. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (stating that the district court has the power to screen out frivolous motions and eliminate the burden that would fall on the respondent to file an unnecessary answer); *Watson v. McCotter*, 782 F.2d 143, 145 (5th Cir. 1986) (affirming the summary dismissal of a § 2241 petition filed after a military court martial). Accordingly, this Court RECOMMENDS that the habeas relief sought by petitioner be DENIED and that Hinojosa's Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED with prejudice.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this _____ day of August, 2004.

Felix Recio
UNITED STATES MAGISTRATE JUDGE