UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JAN 10 2005
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| CARLOS JORGE HINOJOSA, | § | |
| Petitioner, | § | |
| | § | B-04-107 |
| v. | § | CIV. ACTION NO. B-04- |
| | § | (CRIM. NO. M-03-1010-1) |
| ALBERT BRAVO, In charge of East Hidalgo | § | |
| Federal Detention Center, | § | |
| Respondent. | § | |

United States District Court
Southern District of Texas
ENTERED
JAN 11 2005
Michael N. Milby, Clerk of Court
By Deputy Clerk

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

Since the denial of his petition for habeas corpus relief on October 4, 2004 (Docket No. 11) Petitioner Carlos Jorge Hinojosa has submitted numerous filings to the Court (Docket Nos. 12, 13, 14, 15, and 16). These filings consist of letters and motions outlining jurisdictional challenges. In the documents submitted to the Court, Hinojosa also demands his immediate release. For the reasons put forth below, this Court is of the opinion that Hinojosa's motions, requests, and demands are MOOT and should be SUMMARILY DISMISSED with prejudice. Furthermore, Hinojosa should be warned that if he continues to submit frivolous filings he may be sanctioned under Federal Rule of Civil Procedure 11.

### BACKGROUND

Carlos Jorge Hinojosa was indicted by a federal grand jury on October 16, 2003. The indictment includes forty-five separate counts related to Hinojosa's alleged actions as an organizer, leader, and promoter of an entity that solicited funds from investors through false

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b), the above-referenced cause of action has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge, as evidenced by his signature thereto, make up this Report and Recommendation.

representations and promises, and which promoted and carried out a series of fraudulent investment schemes.

Although the indictment was handed down in October 2003, Hinojosa was not arrested until March 9, 2004. After being arrested, Hinojosa made several appearances before judges in the McAllen Division of the Southern District of Texas, including an appearance at his arraignment, where he pleaded not guilty to all forty-five counts contained in the above-referenced indictment. *See USA v. Hinojosa*, M-03-cr-1010-1, Docket Entry No. 33. After both federal district judges in McAllen recused themselves from Hinojosa's criminal proceedings, the case was transferred to Judge Hilda G. Tagle of the Brownsville Division of the Southern District of Texas.

While awaiting trial, Hinojosa filed a Petition for Writ of Habeas Corpus. On October 4, 2004 Judge Hilda G. Tagle adopted the report and recommendation of this Court (Docket No. 7) which suggested that Petitioner's request for a writ of habeas corpus be denied and summarily dismissed. Nevertheless Petitioner has, in the months following the dismissal of his petition, submitted numerous documents to the Court in this matter. In these documents he alleges that he is not subject to the jurisdiction of the District Court and should be released from federal custody. For reasons explained below Petitioner's arguments are repetitious and frivolous.

## DISCUSSION

A.  **Hinojosa's Claims**

According to Hinojosa, he is not subject to the jurisdiction of this nation's courts or its

statutory laws because, having relinquished his citizenship[2], he is a "sovereign man." Thus, Hinojosa posits he is being held illegally and improperly, and argues that he should be immediately released. These claims are essentially identical to the allegations he advanced in support of his petition for a writ of habeas corpus.

As noted in the Court's initial report and recommendation Hinojosa's defense is a form or variation of what has been dubbed "redemption theory." *See* Karen Lee Ziner, *Federal Prisoners Try Courts' Patience With Unusual Defense*, Providence Journal, April 29, 2001 at A01 (2001 WL 5386649). This theory –which ultimately is derived from a flawed interpretation of natural law– is an elaborate and complicated scheme related to a movement that espouses the illegitimacy of our government. According to its adherents, individuals can renounce their ties to our government, "revert" to being a sovereign citizen, and resultantly be free from governmental jurisdiction. *See id*; *see also generally Hinojosa v. Bravo*, Civ. Action No. B-04-107 (all pleadings and correspondence).

**B.     Grounds for Dismissal**

This Court's earlier report and recommendation extensively addressed Hinojosa's arguments and determined that they were entirely frivolous (Docket No. 7 at 4-5). *See also, United States v. Greenstreet*, 912 F.Supp. 224, 228 (N.D.Tex. 1996). As mentioned above, the District Court adopted that report and recommendation and summarily dismissed Hinojosa's

---

[2]For evidence of just how difficult relinquishing United States citizenship can be, even for the willing, see the official United States Department of State website at http://travel.state.gov/law/citizenship/citizenship_776.html (Last visited January 10, 2005).

petition *with prejudice*.[3] There is no reason to believe that Hinojosa's allegations have somehow gained merit in the intervening months. Nevertheless, in an abundance of caution, the Court has reviewed the authorities used in the report and recommendation and determined that the conclusions are sound. Since final judgment was entered in this case on October 4, 2004 all subsequent filings by Hinojosa in this matter are moot. As such, the Court recommends that all pleadings, requests, and demands filed by Hinojosa after October 4, 2004 be summarily dismissed.

C.   **Possibility of Sanctions**

Rule 11 of the Federal Rules of Civil Procedure allows sanctions to be imposed upon a litigant who repeatedly submits frivolous filings. FED. R. CIV. P. 11(c). This rule applies to *pro se* plaintiffs as well as attorneys. The fact that Hinojosa initiated this action without the assistance of counsel does not afford him the right "to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets". *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir 1986). As the imposition of a sanction without a prior warning is generally to be avoided, the Court recommends that Hinojosa be officially put on notice that if he persists in filing frivolous claims he will be sanctioned under Rule 11. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). Through imposition of sanctions Hinojosa could be forced to seek permission from a district court judge before commencing an action in this judicial district and/or fined. As one court noted, litigants like Hinojosa

> should not be underestimated. They are often motivated and know how to work the system. Unfortunately, the honest taxpayer is victimized as a result. Tactics such as

---

[3] Dismissal with prejudice means that Hinojosa is barred from maintaining an action on the same claims.

4

declaring oneself a sovereign, turning to common law courts, [and] challenging the jurisdiction of state and federal trial courts... are favorites among these litigants. Such arguments, however, are time consuming for courts to process and routinely futile.

*Greenstreet*, 912 F.Supp. at 230. Subsequently, it is important that Hinojosa be made to realize that filing frivolous pleadings will have serious ramifications for him personally. It is hoped that the Court's warning will dissuade him from pursuing his meritless claims any further.

## RECOMMENDATION

Because the Petitioner's motions, demands, and requests were filed after final judgment was entered in this case, such pleadings (Docket Nos. 12, 13, 14, 15, and 16) are MOOT and should be SUMMARILY DISMISSED with prejudice. Additionally Hinojosa should be warned that any future frivolous filings may result in sanctions under Federal Rule of Civil Procedure 11.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 10th day of January, 2005.

FELIX RECIO
UNITED STATES MAGISTRATE JUDGE

5