## Memorandum of Law
### The Validity of Federal Indictments

Any indictment charges that certain persons have allegedly committed a crime or crimes at or within a certain place. Federal indictments must be signed, and if signed the accused must still be able to determine if the requirements of the Constitution and Amendments to the Constitution, including citizenship and residency have been met. (The accused has the right to a certified copy of Grand Jury Transcripts under Federal Rules of Criminal Procedures, Rule 16(a) and Federal Rules of Civil Procedures, Rules 1867 and 1868)

The indictment under examination has not been signed and for that reason is not a copy of a true bill of indictment. A certified copy of the Grand Jury Transcripts has been demanded by both U.S. District Clerk and District Court and Judge. No responds, answer, nor were transcripts provided. For the purposes of this memorandum, a valid true bill will be assumed.

(Pg 1 of 9)

There can be no valid Federal indictments because the United States district court districts ascertained by law are comprised of the Federal territory in the counties on January 1, 1945 and the county registrars supply the names of all voters and electors to Federal jury commissioners.

The indictment brought in this case is defective because the grand jury that brought it was improperly constituted. Most if not all of the grand jurors have never resided in the judicial district. This court's judicial district is comprised of the Federal territory in Starr, Hidalgo, Cameron and Willacy counties and not all the territory in those counties. Only the registered voters of that Federal territory are qualified to be grand and petit jurors, but the county voter registrars of those counties have supplied the names of all registered voters to this Federal district court's jury commissioner. As only persons who qualify to act as grand and petit jurors are those persons who are citizens of the United States and residents of

(Pg 2 of 9)

the judicial district for one year, any grand jury without a sufficient number of qualified members. The district and divisions of the United States district courts are comprised of the Federal territory within the counties on January 1, 1945. The district court judges, court clerks and jury commissioners should have been aware of the law, since it has been law since 1789.

Section 103 Title 28 U.S.C. is being incorrectly read and interpreted to create a Federal judicial district that includes all the territory in Starr, Hidalgo, Cameron and Willacy Counties, Texas. The County Voter Registrars of those counties supply the jury officers of the United States district courts with unqualified Federal jurors. Registrars do not remove the names of unqualified state voters before submitting the names of potential jurors to Federal jury officers and they are not told to do so by Federal jury officials. The Court's jury selection plan does not accurately describe the Court's judicial district.

Ignorance of the law is not an excuse, but ignorance of the law is the basis of the constitution of the districts and divisions that comprise the United States district courts. The absence of section number, title, label or catchline appended to first sentence in Chapter 5 of Title 28 U.S.C. doesn't mean that a whole sentence of Title 28 U.S.C. can be completely ignored, but this is exactly what the Federal government does when it refuses to acknowledge the sentence: "Sections 81-131 of this chapter show the territorial composition of districts and divisions by counties as of January 1, 1945."

The universal belief that the United States district courts in all the states of the union are ordained and established pursuant to Article III of the Constitution has no basis in law. The statement of that fact should be sufficient to invalidate any argument that all federal courts are ordained and established pursuant to Article III, but the idea of a national federal government is held together by the perceived power of the federal courts that now propels it by inertia. United States district court

(Pg 4 of 9)

Judges will continue to make the claim that they are Article III without a shred of evidence to support the claim, because they have to not because it's true. Since no one has been able to locate any specific invocation of Article III to create a single judicial court before 1959, other parts of the government have begun to fabricate evidence to prove that Article III courts really exist in the several states.

The complete absence of law creating Article III court pursuant to Article III has pushed the Office of the Federal Register and the National Archives and Records Administration of the Federal government to print a blatant fabrication in one of the Federal government's premier publications. In comparing the territorial courts established pursuant to Article IV, Section 3, the U.S. Government Manual has claimed for many years that the United States district court for Puerto Rico, "by contrast, is established under Article III, is classified like other 'district courts,' and is called a 'court of the united states' (Title 28 U.S.C. 451)." Not only is there no law ordaining and establishing such a court in

Puerto Rico, a decision of the United States Supreme Court states flatly that before such a court can exist in Puerto Rico that island nation must be incorporated into the Union. BALZAC v. People of Porto Rico, 258 U.S. 298 (1922). As Congress has neighter ordained and established such a court nor incorporated Puerto Rico into the Union, the United States district court in Puerto Rico remains an Article IV, Section 3 Territorial Court and Puerto Rico is still not a state of the Union.

The United States district courts preceding Title 28 U.S.C. Section 119. Puerto Rico and those following are also Article IV, Section 3 courts. These courts and the courts that have preceded them have never possess any judicial power of the United States. On the date of enactment of the Judiciary Act of 1789, September 24, 1789, eleven of the thirteen original states had ratified the Constitution. In Section 2 of the Judiciary Act of thirteen original states had ratified the Constitution. In Section 2 of the Judiciary Act of 1789 provision was made for thirteen districts named after the eleven ratifying states and Main and Kentucky. After North Carolina

(Pg 6 of 9)

ratified the Constitution on November 21, 1789 there was effort made to invoke Article III in the creation of a district court for that state and the same is true for our smallest state, Rhode Island, when it ratified on May 29, 1790. There is no record of any attempt by Congress to create an Article III court in any state of the union until 1959, the admission of Hawaii.

All Federal law creating a judiciary and judicial procedure has consistently treated the United States district courts in the states of the union as territorial courts created pursuant to authority vested in Congress by Article IV, Section 3 of the Constitution. The sentence: " Sections 81-131 of this chapter show the territorial composition of districts and divisions by counties as of January 1, 1945," was added to Title 28 U.S.C. as a Historical and Revision note in order to conform Title 28 U.S.C. to existing law. That sentence, which now appears at the begining of Chapter 5 makes the law clear, provided that it is considered. The History of this country and the law is that sentence is now completely ignored. Although the sentence that explains that the territorial composition of the districts and divisions

(Pg 7 of 9)

of the united states district courts is now ignored, such ignorance does not changes the territorial composition of the united states district courts.

The Federal Territorial composition of the united states district courts was not changed when Congress enacted Title 28 as Positive Law by Section 1 of the Act June 25, 1948, CH. 646, 62 STAT. 869, which Provided in Part: "That Title 28 of the united states Code, entitled 'Judicial Code and Judiciary' is Hereby Revised, Codified, and enacted into law, and may be cited as 'Title 28, United State Code, Section ____.'" However, that enactment did not completely Reflect existing law, so Congress made provision in another part of the Act, Section 2 (b) that: "The Provisions of Title 28, Judiciary and Judicial Procedure, of the united states Code, set out in Section 1 of this Act, with respect to the organization of each of the several courts therein Provided For and of the Administrative Office of the united states Courts, shall be construed as continuations of existing law...."

(Pg 8 of 9)

Section 105 Title 28 U.S.C. is being incorrectly read and interpreted to create a Federal judicial district that includes all the territory in Star, Hidalgo, Cameron and Willacy Counties, Texas. The county voter registrars of those counties supply the jury officers of the United States district courts with unqualified Federal jurors. The Sixth Amendment of the United States Constitution requires that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law..." The judicial district that conforms to the requirements of the Sixth Amendment is a district that is comprised of the Federal territory within the districts and divisions in the named counties. A district ascertained by uninformed county registrars, Federal court clerks and jury commissioners does not satisfy the Sixth Amendment. Title 28 U.S.C. was enacted into law on June 25, 1948, ch 646, § 1, 62 Stat. 869. Before it could be prepared for publication, it had to be revised by the predecessor to the present House of Representatives Office of the Law Revision Counsel so it could be considered positive law.

(Pg 9 of 9)

## Summary

Today the territorial composition of every district and division of every United States district court in every state of the union is believed to be all the territory of the counties that are listed in Section 81-131 of Chapter 5 of Title 28 U.S.C. That territorial composition is wrong because of the failure to account for and consider the sentence that ~~composition~~ immediately follows Sections 81-131. The character of territory common to the list of places found in Sections 81-131 on January 1, 1945 is determinative of the territory that comprises the districts and divisions of all the United States district courts. The territory that is common to all these places on January 1, 1945 is Federal Territory and because such territory cannot receive a grant of Article III judicial power the Federal courts there must be and are territorial Federal courts.

The printed text of Title 28 U.S.C. found in Volume 16 of U.S.C. 2000 ed. is legal evidence of the laws contained therein and recourse to the numerous volumes of the United States

(pg 1 of 5)

Statutes at Large is no longer necessary. It is axiomatic that all American laws must be written in the English Language. The section numbers and catchlines attention must be given to every sentence contained in the code so that it can be given it full weight and value.

## Title 28 Judiciary and Judicial Procedure
## United States Code

### Chapter 5 - District Courts

Sec.

| | | | |
|---|---|---|---|
| 81. | Alabama | 100. | Maryland |
| 81A. | Alaska | 101. | Massachusetts |
| 82. | Arkansas | 102. | Michigan |
| 83. | Arizona | 103. | Minnesota |
| 84. | California | 104. | Mississippi |
| 85. | Colorado | 105. | Missouri |
| 86. | Connecticut | 106. | Montana |
| 87. | Delaware | 107. | Nebraska |
| 88. | District of Columbia | 108. | Nevada |
| 89. | Florida | 109. | New Hampshire |
| 90. | Georgia | 110. | New Jersey |
| 91. | Hawaii | 111. | New Mexico |
| 92. | Idaho | 112. | New York |
| 93. | Illinois | 113. | North Carolina |
| 94. | Indiana | 114. | North Dakota |
| 95. | Iowa | 115. | Ohio |
| 96. | Kansas | 116. | Oklahoma |
| 97. | Kentucky | 117. | Oregon |
| 98. | Louisiana | 118. | Pennsylvania |
| 99. | Maine | 119. | Puerto Rico |

120. Rhode Island
121. South Carolina
122. South Dakota
123. Tennessee
124. Texas
125. Utah
126. Vermont
127. Virginia
128. Washington
129. West Virginia
130. Wisconsin
131. Wyoming
132. Creation and composition of district courts.
133. Appointment and number of district judges.
134. Tenure and residence of district judges.
135. Salaries of district judges.
136. Chief Judges; Precedence of district judges.
137. Division of business among district judges.
138. Terms abolished.
139. Times for holding regular sessions.
140. Adjournment.
141. Special Sessions; Places; Notice.
(142. Repealed)
143. Vacant Judgeship as affecting Proceedings.
144. Bias or Prejudice of judge.

## Historical and Revision Notes

Sections 81-131 of this chapter show the Territorial Composition of districts and divisions by counties as of January 1, 1945. All references to dates were omitted as unnecessary.

(Pg 3 of 5)

The sentence that follows the list of geographical names of Chapter 5 of Title 28 U.S.C. It states very simply that Sections 81-131 "show" the territorial composition of the districts and divisions that follow. The sentence shows that on January 1, 1945 Alaska and Hawaii were Territories, the District of Columbia was the Seat of Government, and Puerto Rico was a Possession. On January 1, 1945 in all of the Territory of Alaska and Hawaii there was not one square foot of soil that was not Federal. On that same day all of Puerto Rico was Territory of the United States and remains so today.

The correct Territorial composition of the districts and divisions of Sections 81-131 is the Federal Territory on January 1, 1945. This must be the Territorial composition of the districts and divisions because that last sentence was added so that Title 28 would conform to the United States Statute Law. Omission of the very sentence that brings the Act of June 25, 1948 in conformity with Statute Law defeats the revisions, codification and enactment of Title 28 U.S.C. into Positive Law.

(pg 4 of 5)

The proper inclusion, in Chapter 5, of the sentence;
"Sections 81-131 of this chapter show the territorial composition of districts and divisions by counties as of January 1, 1945," confirms the correctness of the designation United States district courts for the Federal Territory in the districts and divisions. Balzac v. People of Porto Rico, 258 U.S. 298 (1922); Mookini v. United States, 303 U.S. 201 (1938).

(Pg 5 of 5)