# HISTORICAL AND REVISION NOTES

1. The federal court system is created by Article III of the CUSA "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to tome ordain and establish..."

2. The Defendant is a sovereign citizen of the State of Texas, one of the several States united comprising the United States of America, not to be confused with the United States, a federal corporation. As such, Defendant has a right in any civil or criminal proceeding to have that proceeding heard before a court that has been created pursuant to Article III of the CUSA.

3. The United States Southern District Court of Texas, Brownsville Division is not such a court. See 28 USC 124 for Texas. Defendant has pasted the "Notes" from this section here for your review.

-SOURCE-

(June 25, 1948, ch. 646, 62 Stat. 891; Feb. 10, 1954, ch. 6, Sec. 2(b)(9)(a), (b), 68 Stat. 11; Pub. L. 85-298, Sec. 1, 2, Sept. 4, 1957, 71 Stat. 618; Pub. L. 87-352, Oct. 4, 1961, 75 Stat. 772; Pub. L. 88-282, Mar. 11, 1964, 78 Stat. 163; Pub. L. 88-512, Aug. 30, 1964, 78 Stat. 695; Pub. L. 90-216, Dec. 18, 1967, 81 Stat. 661; Pub. L. 96-462, Sec. 6, Oct. 15, 1980, 94 Stat. 2054; Pub. L. 98-620, title IV, Sec. 407(a), Nov. 8, 1984, 98 Stat. 3362.)

-MISC1-

HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., Sec. 189 (Mar. 3, 1911, ch. 231, Sec. 108, 36 Stat. 1125; May 29, 1912, ch. 144, 37 Stat. 120; Feb. 5, 1913, ch. 28, Sec. 1, 2, 37 Stat. 663; Feb. 26, 1917, ch. 122, 39 Stat. 939; Mar. 1, 1919, ch. 87, 40 Stat. 1270; Mar. 2, 1923, ch. 172, Sec. 1, 2, 42 Stat. 1373; Apr. 3, 1924, ch. 82, 43 Stat. 64; May 29, 1924, ch. 211, Sec. 1, 2, 43 Stat. 244; May 26, 1928, ch. 752, Sec. 1, 45 Stat. 747; June 6, 1930, ch. 408, 46 Stat. 521; June 24, 1930, ch. 596, 46 Stat. 807; Feb. 20, 1932, ch. 51, 47 Stat. 52; July 25, 1939, ch. 356, Sec. 1, 53 Stat. 1082; June 6, 1940, ch. 252, 54 Stat. 241.)

Words ''and all prosecutions against persons for offenses committed in the county of Reagan shall be tried in the court at San Angelo: Provided, That no civil or criminal cause begun and pending prior to May 29, 1924, shall be in any way affected,'' words ''and all prosecutions against persons for offenses committed in the county of Pecos shall be tried in the district court at El Paso, or Pecos City: Provided, That no civil or criminal cause begun and pending prior to March 2, 1923, shall be in any way affected,'' and words ''Provided, That no civil or criminal cause commenced prior to June 24, 1930, shall be in any way affected,'' were all deleted as superseded by Federal Rules of Criminal Procedure, Rules 18-22, and as obsolete, in view of the lapse of

EX 6

time after the dates included in such provisions.

Provisions for furnishing rooms and accommodations at Pecos and Wichita Falls were omitted as obsolete, on advice of the Director of the Administrative Office of the United States Courts that Federal accommodations are now available at such places.

Provisions relating to the maintenance of offices at various cities by the clerks were omitted as covered by sections 452 and 751 of this title.

Provisions that process against residents of Pecos County shall issue from and be returnable to the court at Pecos City and against residents of Reagan County at San Angelo, were omitted since such matter can be regulated more appropriately by court rule or order. (See Rule 4 of Federal Rules of Civil Procedure.)

The provisions requiring notice to be given for time of holding court in Pecos division and at Corpus Christi, were omitted as covered by section 141 of this title.

CREATED

Five counties included in this section were created since the enactment of section 189 of title 28. These were Kleberg County and Kenedy County of the Corpus Christi division of the southern district, Culberson County and Hudspeth County of the El Paso division of the western district, and Real County of the San Antonio division of the western district. Pecos County is included in the Pecos division and omitted from the El Paso division of the western district to conform to the practice of the court.

Changes in arrangement and phraseology were made.

AMENDMENTS

1984 - Subsec. (b). Pub. L. 98-620, Sec. 407(a)(1), substituted ''seven'' for ''six'' in provisions preceding par. (1).

Subsec. (b)(4). Pub. L. 98-620, Sec. 407(a)(2), struck out references to Hidalgo and Starr counties from the counties comprising the Brownsville Division of the Southern District.

Subsec. (b)(7). Pub. L. 98-620, Sec. 407(a)(3), added par. (7).

1980 - Subsec. (b)(2). Pub. L. 96-462, Sec. 6(a), struck out references to Polk and Trinity counties in list of counties comprising Houston Division of Southern District.

Subsec. (c). Pub. L. 96-462, Sec. 6(b), in provisions preceding par. (1) substituted ''seven'' for ''six''; in par. (1) struck out references to Angelina, Houston, Nacogdoches, and Shelby counties in list of counties comprising Tyler Division of Eastern District; in par. (2) struck out references to Sabine, San Augustine, and Tyler counties in list of counties comprising Beaumont Division of Eastern District; and added par. (7).

1967 - Subsec. (d). Pub. L. 90-216, Sec. 1(4), enlarged from six to seven the number of divisions comprising Western District.

Subsec. (d)(3). Pub. L. 90-216, Sec. 1(1), transferred counties of Brewster, Culberson, Hudspeth, and Presidio from El Paso Division to Pecos Division.

Subsec. (d)(6). Pub. L. 90-216, Sec. 1(2), added counties of Brewster, Culberson, Hudspeth, and Presidio to Pecos Division from El Paso Division, and transferred counties of Andrews, Crane, Ector, Martin, Midland, and Upton from Pecos Division to Midland-Odessa Division.

Subsec. (d)(7). Pub. L. 90-216, Sec. 1(3), added par. (7), which created Midland-Odessa Division, comprised of counties of Andrews, Crane, Ector, Martin, Midland, and Upton, transferred from Pecos Division.

1964 - Subsec. (b)(1). Pub. L. 88-282, Sec. 1(a), struck out



Austin, Fort Bend, and Wharton counties from list comprising Galveston Division.

Subsec. (b)(2). Pub. L. 88-282, Sec. 1(b), added Austin, Fort Bend, and Wharton counties to list comprising Houston Division.

Subsec. (c)(4). Pub. L. 88-512, Sec. 1(a), added county of Hopkins to Paris Division.

Subsec. (c)(5). Pub. L. 88-512, Sec. 1(b), struck out county of Hopkins from Marshall Division.

1961 - Subsec. (c)(5). Pub. L. 87-352 changed the name of Division from Jefferson to Marshall, and provided for holding court at Marshall.

1957 - Subsec. (c)(1). Pub. L. 85-298, Sec. 2, inserted Shelby County in list of counties comprising Tyler Division.

Subsec. (c)(2). Pub. L. 85-298, Sec. 1, struck out Shelby County from list of counties comprising Beaumont Division.

1954 - Subsec. (d)(4). Act Feb. 10, 1954, Sec. 2(b)(9)(a), struck out Edwards County from list of counties comprising San Antonio Division of Western District.

Subsec. (d)(5). Act Feb. 10, 1954, Sec. 2(b)(9)(b), inserted Edwards County in list of counties comprising Del Rio Division of Western District.

EFFECTIVE DATE OF 1984 AMENDMENT

Section 407(b) of Pub. L. 98-620 provided that: ''The amendments made by subsection (a) of this section (amending this section) shall apply to any action commenced in the United States District Court for the Southern District of Texas on or after the effective date of this subtitle (Jan. 1, 1985), and shall not affect any action pending in such court on such effective date.''

Amendment by Pub. L. 98-620 effective Jan. 1, 1985, and not to affect the composition, or preclude the service, of any grand or petit jury summoned, impaneled, or actually serving on that date, see section 411 of Pub. L. 98-620, set out as a note under section 85 of this title.

EFFECTIVE DATE OF 1980 AMENDMENT; SAVINGS PROVISION

Amendment by Pub. L. 96-462 effective Oct. 1, 1981, but not to affect the composition or preclude the service of any grand or petit juror summoned, empaneled, or actually serving in any judicial district on Oct. 1, 1981, see section 7 of Pub. L. 96-462, set out as a note under section 84 of this title.

20. Defendant would ask this Court to note that nowhere in this material is there any mention of the legislature creating this court pursuant to Article III CUSA.

21. Defendant's search of Title 18 USC §§ 81-131 reveal that there is only one federal district court within the fifty states that has been created pursuant to Article III CUSA, and that is the United States District Court for the State of Hawaii. For the Courts benefit, Defendant has copied the notes from 28 USC 91, dealing with Hawaii, and bolded the pertinent parts dealing with the creation of the court pursuant to Article III CUSA.

SOURCE

(June 25, 1948, ch. 646, 62 Stat. 877; May 24, 1949, ch. 139, Sec. 64a, 63 Stat. 99; Pub. L. 86-3, Sec. 14(i), Mar. 18, 1959, 73 Stat. 11; Pub. L. 86-624, Sec. 19, July 12, 1960, 74 Stat. 416.)

HISTORICAL AND REVISION NOTES

Based on sections 641 and 642a of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30, 1900, ch. 339, Sec. 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, Sec. 1, 35 Stat. 838; July 9, 1921, ch. 42, Sec. 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, Sec. 1, 44 Stat. 919; Aug. 13, 1940, ch. 662, 54 Stat. 784).

Section consolidates parts of sections 641 and 642a of title 48, U.S.C., 1940 ed.

The provisions of section 641 of title 48, U.S.C., 1940 ed., with reference to regular and special terms and the times of holding same were omitted as covered by sections 138 and 141 of this title.

Provisions of section 642a of title 48, U.S.C., 1940 ed., relating to jurisdiction of civil actions and criminal offenses, were omitted as covered by the general jurisdictional provisions of this title and revised title 18 (H. R. 3190, 80th Cong.).

Provisions of section 642a of title 48, U.S.C., 1940 ed., as to appeals were omitted as covered by section 1295 of this title. Provisions of said section 642a with reference to juries and jury trials were omitted as covered by chapter 121 of this title.

Other provisions of section 641 of title 48, U.S.C., 1940 ed., are incorporated in sections 132 and 133 of this title.

Changes were made in phraseology.

AMENDMENTS

1960 - Pub. L. 86-624 struck out Kure Island.

1959 - Pub. L. 86-3 included Palmyra Island.

1949 - Act May 24, 1949, inserted provisions relating to inclusion of Canton and Enderbury Islands.

EFFECTIVE DATE OF 1959 AMENDMENT

Section 14 of Pub. L. 86-3 provided that the amendments of sections 91, 373, 1252, 1293, and 1294 of this title, sections 3771 and 3772 of Title 18, Crimes and Criminal Procedure, and section 644a of Title 48, Territories and Insular Possessions, the repeal of sections 536, 539, 634, 634a, and 645 of title 48, and notes set out under sections 371 and 373 of this title, are effective on admission of the State of Hawaii into the Union. See Admission of Hawaii as State note below.

CANTON AND ENDERBURY ISLANDS; SOVEREIGNTY OF KIRIBATI

By a treaty of friendship, TIAS 10777, which entered into force Sept. 23, 1983, the United States recognized the sovereignty of Kiribati over Canton Island and Enderbury Island.

ADMISSION OF HAWAII AS STATE

Admission of Hawaii into the Union was accomplished Aug. 21, 1959, on issuance of Proc. No. 3309, Aug. 21, 1959, 25 F.R. 6868, 73 Stat. c74, as required by sections 1 and 7(c) of Pub. L. 86-3, Mar. 18, 1959, 73 Stat. 4, set out as notes preceding section 491 of Title 48, Territories and Insular Possessions.

COURT OF THE UNITED STATES; DISTRICT JUDGES

Section 9(a) of Pub. L. 86-3 provided that: ''**The United States District Court for the District of Hawaii established by and existing under title 28 of the United States Code shall thence forth be a court of the United States with judicial power derived from article III, section 1, of the Constitution of the United**



States: Provided, however, That the terms of office of the district judges for the district of Hawaii then in office shall terminate upon the effective date of this section and the President, pursuant to sections 133 and 134 of title 28, United States Code, as amended by this Act, shall appoint, by and with the advice and consent of the Senate, two district judges for the said district who shall hold office during good behavior.''

Section 9 of Pub. L. 86-3 provided in part that subsec. (a) of that section should be effective upon the admission of the State of Hawaii into the Union.

CONTINUATION OF SUITS

Section 12 of Pub. L. 86-3 provided that: ''No writ, action, indictment, cause, or proceeding pending in any court of the Territory of Hawaii or in the United States District Court for the District of Hawaii shall abate by reason of the admission of said State into the Union, but the same shall be transferred to and proceeded with in such appropriate State courts as shall be established under the constitution of said State, or shall continue in the United States District Court for the District of Hawaii, as the nature of the case may require. And no writ, action, indictment, cause or proceeding shall abate by reason of any change in the courts, but shall be proceeded with in the State or United States courts according to the laws thereof, respectively. And the appropriate State courts shall be the successors of the courts of the Territory as to all cases arising within the limits embraced within the jurisdiction of such courts, respectively, with full power to proceed with the same, and award mesne or final process therein, and all the files, records, indictments, and proceedings relating to any such writ, action, indictment, cause or proceeding shall be transferred to such appropriate State courts and the same shall be proceeded with therein in due course of law.

''All civil causes of action and all criminal offenses which shall have arisen or been committed prior to the admission of said State, but as to which no writ, action, indictment or proceeding shall be pending at the date of such admission, shall be subject to prosecution in the appropriate State courts or in the United States District Court for the District of Hawaii in like manner, to the same extent, and with like right of appellate review, as if said State had been created and said State courts had been established prior to the accrual of such causes of action or the commission of such offenses. The admission of said State shall effect no change in the substantive or criminal law governing such causes of action and criminal offenses which shall have arisen or been committed; and such of said criminal offenses as shall have been committed against the laws of the Territory shall be tried and punished by the appropriate courts of said State, and such as shall have been committed against the laws of the United States shall be tried and punished in the United States District Court for the District of Hawaii.''

APPEALS

Section 13 of Pub. L. 86-3 provided that: ''Parties shall have the same rights of appeal from and appellate review of final decisions of the United States District Court for the District of Hawaii or the Supreme Court of the Territory of Hawaii in any case finally decided prior to admission of said State into the Union, whether or not an appeal therefrom shall have been perfected prior to such admission, and the United States Court of Appeals for the

Ninth Circuit and the Supreme Court of the United States shall have the same jurisdiction therein, as by law provided prior to admission of said State into the Union, and any mandate issued subsequent to the admission of said State shall be to the United States District Court for the District of Hawaii or a court of the State, as may be appropriate. Parties shall have the same rights of appeal from and appellate review of all orders, judgments, and decrees of the United States District Court for the District of Hawaii and of the Supreme Court of the State of Hawaii as successor to the Supreme Court of the Territory of Hawaii, in any case pending at the time of admission of said State into the Union, and the United States Court of Appeals for the Ninth Circuit and the Supreme Court of the United States shall have the same jurisdiction therein, as by law provided in any case arising subsequent to the admission of said State into the Union.''

EXTENSION OF JURISDICTION OF UNITED STATES DISTRICT COURT FOR DISTRICT OF HAWAII AND OF CIVIL AND CRIMINAL LAWS TO MIDWAY, WAKE, JOHNSON, SAND, ETC., ISLANDS

The jurisdiction of the United States District Court for the District of Hawaii and the laws of the United States relating to civil acts or offenses consummated or committed on the high seas on board a vessel belonging to the United States were extended to the Midway Islands, Wake, Johnson, Sand, etc., Islands by section 644a of Title 48, Territories and Insular Possessions.

22. Defendant points out that even the United States District Court for the State of Hawaii, a court established pursuant to Article III of the CUSA, only has jurisdiction over federal lands within the areas outlined in its charter.





IN

[redacted] search of Title 18 USC §§ 81-131 reveal that there is only one federal district court within the fifty states that has been created pursuant to Article III CUSA, and that is the United States District Court of the State of Hawaii. For the Courts benefit, Relator has copied the notes from 28 USC 91, dealing with Hawaii, and bolded the pertinent parts dealing with the creation of the court pursuant to Article II CUSA.

SOURCE

(June 25, 1948, ch. 646, 62 Stat. 877; May 24, 1949, ch. 139, Sec. 64a, 63 Stat. 99; Pub. L. 86-3, Sec. 14 (i), Mar. 18, 1959, 73 Stat. 11; Pub. L. 86-6 24, Sec. 19, July 12, 1960, 74 Stat. 416.)

HISTORICAL AND REVISION NOTES

Based on sections 641 and 642a of title 48, U.S.C., 1940 ed., Territories And Insular Possessions (Apr. 30, 1900, ch. 339, Sec. 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, Sec. 1, 35 Stat. 838; July 9, 1921, ch. 42, Sec. 313, 42 Stat. 119 ; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, Sec. 1, 44 Stat. 919; Aug. 13, 1940, ch. 662, 54 Stat. 784).

Section consolidates arts of sections 641 and 642a of title 48, U.S.C., 1940 ed.

The provisions of section 641 of title 48, U.S.C., 1940 ed., with reference to regular and special terms and the times of holding same were omitted as covered by sections 138 and 141 of this title.

Provisions of section 642a of title 48, U.S.C., 1940 ed., relating to jurisdiction Of civil actions and criminal offenses, were omitted as covered by the general jurisdictional provisions of this title and revised title 18 (H. R. 3190, 80th Cong.)

Provisions of section 642a of title 48, U.S.C., 1940 ed., as to appeals were omitted as covered by section 1295 of this title. Provisions of said section 642a with reference to juries and jury trials were omitted as covered by chapter 121 of this title.

Other provisions of section 641 of title 48, U.S.C., 1940 ed., are incorporated in sections 132 and133 of this title.

Changes were made in phraseology.

AMENDMENTS

1960 – Pub. L. 86-624 struck out Kure Island.

1959 – Pub. L. 86-3 included Palmyra Island.

1949 – Act May 24, 1949, inserted provisions relating to inclusion of Canton and Enderbury Islands.

EFFECTIVE DATE OF1959 AMENDMENT

Section 14 of Pub. L. 86-3 provided that the amendments of sections 91, 373, 1252, 1293, and 1294 of this title, sections 3771 and 3772 of Title 48, Territories and Insular Possessions, the repeal of sections 536, 539, 634, 634a, and 645 of title 48, and notes set out under sections 371 and 373 of this title, are effective on admission of the State of Hawaii into the Union. SEE Admission of Hawaii as State note below.

CANTON AND ENDERBURY ISLANDS; SOVEREIGNTY OF KIRIBATI

By a treaty of friendship, TIAS 10777, which entered into force Sept. 23, 1983, the United States recognized the sovereignty of Kiribati over Canton Island and Enderbury Island.

ADMISSION OF HAWAII AS STATE

Admission of Hawaii into the Union was accomplished Aug. 21, 1959, on issuance of Proc. No. 3309, Aug. 21, 1959, 25 F.R. 6868, 73 Stat. c74, as required by sections 1 and 7© of Pub. L. 86-3, Mar. 18, 1959, 73 Stat. 4, set out as notes preceding section 491 of Title 48, Territories and Insular Possessions.

COURT OF THE UNITED STATES; DISTRICT JUDGES

Section 9(a) of Pub. L. 86-3 provided that: "The United States District Court for the District of Hawaii established by and existing under title 28 of the United States Code shall thence forth be a court of the United States with judicial power derived from article III, section 1, of the Constitution of the United States: Provided, however, That the terms of office of the district judges for the district of Hawaii then in office shall terminate upon the effective date of this section and the President, pursuant to sections 133 and 134 of title 28, United States Code, as amended by this Act, shall appoint, by and with the advice and consent of the Senate, two district judges for the said district who shall hold office during good behavior."

Section 9 of Pub. L. 86-3 provided in part that subsec. (a) of that section should be effective upon the admission of the State of Hawaii into the Union.

CONTINUATION OF SUITS

Section 12 of Pub. L. 86-3 provided that: "No writ, action, indictment, cause, or proceeding pending in any court of the Territory of Hawaii or in the United States District Court for the District of Hawaii shall abate by reason of the admission of said State into the Union, but the same shall be transferred to and proceeded with in such appropriate State courts as shall be established under the constitution of said State, or shall continue in the United States District Court for the District of Hawaii, as the nature of the case may Require. And no writ, action, indictment, cause or proceeding shall abate by reason of any change in the courts, but shall be proceeded with in the State or United States courts according to the laws thereof, respectively. And the appropriate State courts shall be the successors of the courts of t he Territory as to all cases arising within the limits embraced within the jurisdiction of such courts, respectively, with full power to proceed with the same, and award mesne or final process therein, and all the files, records, indictments, and proceedings relating to any such writ, action, indictment, cause or proceeding shall be transferred to such appropriate State courts and the same shall be proceeded with the rein in due course of law.

"All civil causes of action and all criminal offenses which shall have arisen or been committed prior to the admission of said State, but as to which no writ, action, indictment or proceeding shall be pending at the date of such admission, shall be subject to prosecution in the appropriate State courts or in the United States District Court for the District of Hawaii in like manner, to the same extent, and with like right of appellate review, as if said State had been created and said

State courts had been established prior to the accrual of such causes of action or the commission of such offenses. The admission of said State shall effect no change in the substantive or criminal law governing such causes of action and criminal offenses which shall have arisen or been committed; and such of said criminal offenses as shall have been committed against the laws of the Territory shall be tried and punished by the appropriate courts of said State, and such as shall have been committed against the laws of the United States shall be tried and punished in the United States district court for the District of Hawaii."

APPEALS

Section 13 of Pub. L. 86-3 provided that: "Parties shall have the same rights of appeal from and appellate review of final decisions of the United States District Court for the District of Hawaii or the Supreme Court of the Territory of Hawaii in any case finally decided prior to admission of said State into the Union, whether or not an appeal there from shall have been perfected prior to such admission, and the United States Court of the United States shall have the same jurisdiction therein, as by law provided prior to admission of said State into the Union, and any mandate issued subsequent to the admission of said State shall be to the United States District Court for the District of Hawaii or a court of the State, as may be appropriate. Parties shall have the same rights of appeal from and appellate review of all orders, judgments, and decrees of the United States District Court for the District of Hawaii and of the Supreme Court of the State of Hawaii as successor to the Supreme Court of the Territory of Hawaii, in any case pending at the time of admission of said State into the Union, and the United States Court of Appeals for the Ninth Circuit and the Supreme Court of the United States shall have the same jurisdiction therein, as by law provided in any case arising subsequent to the admission of said State into the Union."

EXTENSION OF JURISDICTION OF UNITED STATES DISTRICT COURT FOR DISCTRICT OF HAWAII AND OF CIVIL AND CRIMINAL LAWS TO MIDWAY, WAKE, JOHNSON, SAND, ETC., ISLANDS

The jurisdiction of the United States District Court for the District of Hawaii and the laws of the United States relating to civil acts or offenses consummated or committed on the high seas on board a vessel belonging to the United States were extended to the Midway Islands, Wake, Johnson, Sand, etc., Islands by section 644a of Title 48, Territories and Insular Possessions.

[redacted]. [redacted] Defendant points out that even the United States District Court for the State of Hawaii, a court established pursuant to Article III of the CUSA, only has jurisdiction over federal lands within the areas outlined in its charter.

VIII.

SUMMARY

[redacted]. [redacted] Defendant has shown this court that the United States District Court of Southern District of TX, [redacted] Brownsville Division, did not have jurisdiction of the matter at trial because \ There was no showing that any of the acts of the defendant were committed or omitted within the confines of Federal property.

[redacted]



# MISTAKES COURT HAS MADE

A) I HAVE Filed NUMEROUS MOTONS WHICH COURT AND Judge HAS NOT Responded TO.

MOST IMPORTANT MOTONS Filed:

(1) HAVE CHAllenged JURISdiction OF COURT AND Judge.

(2) DEMANDED CERTIFIED COPY OF GRAND JURY TRANSCRIPTS, under Federal Rules OF CRIMINAL Procedures 16(a) AND Federal Rules of Civil Procedures, Rules 1867 AND 1868.

(B) I Filed A MOTION FOR bond WHICH WAS WRONGLY denied by Judge.

(C) I HAVE Filed A COMPLAINT AGAINST Judge Hilda Tagle WITH THE Judiciary Committy FOR All Courts IN WASHINGTON D.C.

(d) AT THE MOTON TO WITHDRAW COUNSEL, THE Judge did NOT Allow Me Adequate Time TO READ INTO THE Record My MOTON TO dismiss OR My Position IN Regards TO THE going ONS IN My Accused CASE.

(e) THE Judge HAS HAD NUMEROUS MEETINGS About My Accused CASE IN WHICH I WAS NOT PRESENT IN VIOLATION OF My CONSTITUTION RIGHTS. I Filed MOTONS AND Letters Demanding I be PRESENT AT All My COURT Hearings OR MEETINGS.

EX 7
(PG 1-13)

(F) During The Hearing To withdraw As counsel The Judge ignored My Request To Represent Myself, And violated My Constitutional Right To Represent Myself. (I Have Filed An Appeal)

(G) During The Hearing To withdraw counsel, The Judge suggested That I was suffering From Mental problems And Proceeded to Question The public defender As To My competency. This is evidence of The Judge's bias And Prejudice Against Me To Suggest I Am suffering From Mental problems, when no Allegations Has ever been Filed Against me, concerning My competency, and no one Has stated That I Am not competent. By suggesting That I Am incompetent The Judge Has exhibited Her bias And prejudice Against Me.

(H) The Judge appointed New Co-Counsel to Represent me over My objections, And Has denied My Constitutional Right To Self Representation.

(I) I Have made it clear both in writing And Verbally, I Have not given Any Authority over Me, Nor Have I

VOLUNTARILY Agreed, Accepted or CONTRACTED FOR ANY benefits FROM THE united states Government, District Court, Judge or its instrumentalities; and I do not waive LAW or ANY OF My Legal, Constitutional or God given Rights.

I, CARLOS JORGE HINOJOSA, Verify under my unlimited Commerical Liability that the above declaration is True, Correct, and Not misleading.

Presented this ______ day of April 2005, with NO waiver of LAW or Legal Rights.

by: [signature]

CARLOS JORGE HINOJOSA
A Free AND LAWFUL SOVEREIGN MAN

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| UNITED STATES OF AMERICA<br>Plaintiff<br>v<br><br>CARLOS J. HINIJOSA<br>Defendant | §<br>§<br>§<br>§<br>§ | CASE NO. H-03-484<br><br>DEMAND FOR GRAND JURY TRANSCRIPTS |
|---|---|---|

COMES NOW Carlos Jorge: Hinojosa to the Clerk of the above captioned Court and makes demand under Federal Rules of Criminal Procedures, Rule 16 (a) and Federal Rules of Civil Procedures, Rules 1867 & 1868 for a certified copy of the Grand Jury Transcripts relating to the above captioned and numbered Case within seven (7) days of receipt of this demand. Demandant will pay all reasonable costs for copying of records.

Failure of the Clerk of the above named court to timely provide the demanded records will be admission and agreement by said Clerk that no such records exist.

Respectfully demanded this 31 day of the March month, 2004 Anno Domini.

Carlos Jorge: Hinojosa, Demandant
temporary mailing location
c/o 309 East Liberty Drive,
Mercedes
Texas [78570]

COPY

CONFIDENTIAL

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Micheal W. Milby
UNITED STATES District
Clerks office
1701 west Business Hwy 83
McAllen, Texas 78501

2. Article Number (Transfer from service label)

7002 3150 0001 7024 2318

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

A. Signature
X Ed Leandro
☐ Agent
☐ Addressee

B. Received by (Printed Name) Ed Leandro

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes