O P I N I O N

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS JORGE HINOJOSA, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIV. ACTION NO. B-04-107 | |
| § | (CRIM. NO. M-03-1010-1) | |
| ALBERT BRAVO, In charge of East Hidalgo § | | |
| Federal Detention Center, § | | |
| Respondent. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

Now before the Court are three filings (Docket Nos. 24, 25, and 26) by Carlos Jorge Hinojosa in the above referenced cause of action. For the reasons put forth below, this Court is of the opinion that Hinojosa's filings are MOOT and should be SUMMARILY DISMISSED. Hinojosa has previously been warned that any further frivolous, repetitive filings would result in sanctions being imposed against him under FED. R. CIV. P. 11. He has apparently chosen to ignore this warning. As such, it is the recommendation of this Court that Defendant be ENJOINED from any future filings under this cause number.

## BACKGROUND

On January 10, 2005 this Court submitted its Report and Recommendation to the district court in regards to numerous filings submitted by Defendant after his request for a writ of habeas corpus was

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b), the above-referenced cause of action has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge, as evidenced by his signature thereto, make up this Report and Recommendation.

1

denied and summarily dismissed (Docket No. 17). In that recommendation this Court opined that Hinojosa's many post judgment filings were frivolous and repetitious. Additionally the Court recommended that Hinojosa be warned that if he persisted in submitting such filings he would be sanctioned under FED. R. CIV. P. 11. On April 4, 2005, the district court adopted the Report and Recommendation and ordered that Hinojosa's post judgment filings be dismissed as moot. The district court also warned him about the possibility of sanctions (Docket No. 23). On April 19, 2005, Hinojosa submitted a motion challenging the propriety of the grand jury used in his criminal case (Docket No. 24). Only a few weeks later, on May 11, 2005, Hinojosa submitted a filing in which he once again argues that he is not subject to the laws of the United States of America (Docket No. 25). Finally, on May 20, 2005, Hinojosa filed a petition in which he requests that the charges against him be dropped (Docket No. 26). Even if the Court ignores the April 19th filing under the assumption that Hinojosa had not yet received the district court's order, it is clear that warning Hinojosa will not be enough to stop his tirade.[2]

## DISCUSSION

i.  **Dismissal of Hinojosa's Filings as Moot**

As an initial matter the Court notes that Hinojosa's most recent filings are moot as they were submitted after final judgment was entered in his case (Docket Nos. 11 & 23). In these filings Hinojosa continues to advance arguments based on a form of what has been called "redemption theory." *See* Karen Lee Ziner, *Federal Prisoners Try Courts' Patience With Unusual Defense*, Providence

---

[2]The filings submitted on May 11th and 20th contain over 150 pages.

Journal, April 29, 2001 at A01 (2001 WL 5386649). This theory –which is ultimately derived from a flawed interpretation of natural law– is an elaborate and complicated scheme related to a movement that espouses the illegitimacy of our government. According to its adherents, individuals can renounce their ties to our government, "revert" to being a sovereign citizen, and resultantly be free from governmental jurisdiction. *See id*; *see also generally Hinojosa v. Bravo*, Civ. Action No. B-04-107 (all pleadings and correspondence). Hinojosa's redemption theory arguments have been addressed twice before by this Court and later dismissed by the district court as frivolous (see Docket Nos. 7, 11, 17, and 23). Nothing in Hinojosa's most recent spat of submissions raises even the slightest doubt about the conclusions contained in the Court's previous reports and recommendations.

ii.   **Imposition of Sanctions**

On April 4, 2005, Hinojosa was warned that if he persisted in submitting frivolous filings he would be sanctioned under FED. R. CIV. P. 11. In apparent disregard of the district court's order, Hinojosa submitted filings on May 11 and May 20, 2005, that this Court has deemed frivolous.[3] Rule 11 allows sanctions to be imposed when a litigant brings a frivolous lawsuit. *FED. R. CIV. P. 11(b) & (c) (2005)*. The fact that Plaintiff has initiated this action *pro se* does not afford him the right "to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets". *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Thus Rule 11 applies to *pro se* plaintiffs as well as attorneys. *Id.*

Hinojosa's failure to accept the judgment of the district court as well as his refusal to abide

---

[3]The Court has not taken Hinojosa's April 19, 2005, filing into account for sanction purposes since he may not have been aware of the district court's order at that time.

its orders constitute a flagrant disregard for the judicial process and are a waste of the scarce resources available to the courts.  As such, Hinojosa's filings must be stopped.  Since he has been adequately forewarned (Docket No. 23) about the ramifications of frivolous filings sanctions are appropriate. *Farguson*, 808 F.2d at 358.

The Fifth Circuit has noted that district courts should "tailor their sanctions decisions to the facts of each case in a manner reflecting the multiple purposes of Rule 11– the deterrence of future violations, and the education and rehabilitation of offending parties." *Harmony Drilling Co. v. Kreutter*, 846 F.2d 17, 19-20 (5th Cir. 1988).  In this case monetary sanctions on their own would serve none of the above listed purposes of Rule 11 as Hinojosa is currently incarcerated and has no means of income. *Martinez v. Griffin*, 840 F.2d 314, 315 (5th Cir. 1988).  A monetary sanction coupled with a restriction on filings until the sanction was paid would be over broad and likewise inappropriate because under such a sanction there is the possibility, however slight, that Hinojosa might be prevented from bringing other meritorious litigation.  When monetary sanctions are deemed to be ineffective due to a litigant's incarceration other types of sanctions must be considered. *Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986).

In order to accomplish the goals of deterrence, education and rehabilitation the Court is of the opinion that a narrowly tailored injunction against Hinojosa is necessary.  He should be enjoined from submitting any further filings in civil action number B-04-107, apart from an appropriate appeal of a district court order, without written permission from the Chief Judge of the district.  *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (5th Cir. 1983).  The sole reason that the Court has not recommended harsher or farther reaching sanctions is that technically Hinojosa's

many filings have comprised only one case: civil action number B-04-107. This case was opened after Hinojosa filed a habeas corpus application. His request for habeas corpus relief was, however, denied and his claims dismissed (Docket No. 11). After disposition of his case Hinojosa persisted in filing new claims based on old theories under civil action number B-04-107. Though these allegations were related, his habeas corpus claims had been dismissed and the case was closed; thus these filings should have been given their own case numbers and treated as separate litigation. Instead Hinojosa was allowed to file whatever struck his fancy under cause number B-04-107. As a result this Court has been forced to issue three largely repetitious Reports and Recommendations and it will now be necessary for the district court to issue a third order in a habeas corpus case that was initially dismissed as frivolous on October 5, 2004 (Docket No. 11). It is hoped that the above injunction will prevent any further abuse by Hinojosa under the auspices of B-04-107.

Given the oddity of the instant case the Court believes that it will be necessary to inform the clerk, with some specificity, how to deal with any future filings by Hinojosa. Should he attempt to file additional inappropriate pleadings under case number B-04-107 the clerk should inform the court and return the submission, unfiled, to Hinojosa. *Mayfield v. Klevenhagen,* 941 F.2d 346, 349 (5th Cir 1991). Further sanctions may then be imposed due to the violation of the above injunction. If he submits other filings that require new cases to be opened and these prove to be frivolous, broader sanctions will be imposed against Hinojosa. Should Hinojosa continue to ignore the orders of the district court, in general, it will be this Court's recommendation that he be forced to show cause why he should not be held in contempt and additional prison time imposed. *SEC v. First Financial Group, Inc.*, 659 F.2d 660, 669-670 (5th Cir. 1981).

Though the manner in which Hinojosa's filings were handled has somewhat limited the array of sanctions available at this time, he should not mistake the Court's exercise of caution and restraint as tolerance of his persistent, meritless filings. The Court's patience in regards to his antics was long ago spent. He should be made aware that if he continues to abuse the judicial system, not only may he spend additional time in prison, but he may also one day find that the court house doors are closed to him in a time of genuine need.

## RECOMMENDATION

For the aforementioned reasons the Court recommends that Hinojosa's filings (Docket Nos. 24, 25, and 26) be SUMMARILY DISMISSED as MOOT. Furthermore, Hinojosa should be ENJOINED from submitting any additional filings under civil action number B-04-107, aside from an appropriate appeal of a district court order, without the written permission of the Chief Judge of the district. The clerk should be ORDERED to inform the court of any attempts by Hinojosa to submit an inappropriate filing under civil action number B-04-107 and to return the disallowed submission, unfiled, to Hinojosa. Additionally, Hinojosa should be WARNED that future frivolous filings of any kind will result in additional sanctions and may lead to contempt charges for which he may be forced to serve a consecutive prison sentence.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a

failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 2<u>nd</u> day of June, 2005.

_____
Felix Recio
United States Magistrate Judge